RENDERED: MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0066-MR

DENNIS RAY PAYTON                                                APPELLANT

v.          APPEAL FROM CALLOWAY CIRCUIT COURT
            HONORABLE JAMES T. JAMESON, JUDGE
            ACTION NO. 21-CR-00028

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Dennis Ray Payton ("Payton") appeals from a judgment

and sentence following a jury trial in the Calloway Circuit Court where he was

convicted of second-degree assault. After careful review, finding no error, we

affirm.

On January 26, 2021, Payton caused a serious physical injury to Jason

Crawford ("Crawford") by hitting him with a car jack. On February 22, 2021, the

Calloway County Grand Jury indicted Payton for second-degree assault[1], third-degree terroristic threatening, and menacing. The menacing charge was dismissed before trial.

Payton was tried on October 27, 2021. Crawford was the Commonwealth's only witness; two exhibits were entered into evidence. Payton declined to testify on his behalf, did not call any witnesses, and entered one exhibit. The jury found Payton guilty of second-degree assault and not guilty of third-degree terroristic threatening. The jury found him guilty of being a first-degree persistent felony offender ("PFO")[2] and recommended a sentence of five years enhanced to ten years by the PFO charge. The circuit court sentenced Payton consistent with the jury's recommendation. This appeal followed. Additional facts are developed as necessary.

On appeal, Payton argues that during closing arguments: (1) the circuit court incorrectly stated the law in an admonition to the jury and (2) the Commonwealth engaged in misconduct.

First, Payton argues the circuit court erred in incorrectly stating the law in an admonition to the jury during the penalty phase closing argument. Payton concedes this argument is unpreserved and requests review for palpable

---

[1] Kentucky Revised Statutes ("KRS") 508.020 (Class C felony).

[2] KRS 532.080(6)(b).

error under RCr[3] 10.26. "To establish palpable error, Appellant must show 'the probability of a different result or error so fundamental as to threaten his entitlement to due process of law. . . . [O]ur focus is on whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Huddleston v. Commonwealth*, 542 S.W.3d 237, 245 (Ky. 2018) (internal quotation marks and citations omitted).

During defense counsel's closing argument, the following exchange occurred:

> **Defense Counsel (DC)**: He has two prior felony convictions, but we would ask that you find him not guilty on the PFO first because those are substance abuse issues, not violent felonies.
>
> **Commonwealth (CW)**: Your Honor, I'm going to object.
>
> **Trial Court (TC)**: Parties, approach.
>
> (*At bench*)
>
> **TC**: I am sure you didn't mean to do that on purpose, but that is misleading on the law.
>
> **DC**: I . . . No, I didn't mean to do that on purpose.
>
> **TC**: I'll instruct them and move on. The only way I know he can't be not guilty is if there is some flaw with the evidence that the Commonwealth put on.

---

[3] Kentucky Rules of Criminal Procedure.

**CW**: Yes, thank you.

**DC**: Yes. (End bench conference).

**TC**: Ladies and gentlemen, that was a misstatement by Mr. Powers. It was unintentional. That is actually not the law. The only way a person generally is not guilty of the PFO is if the Commonwealth didn't prove its burden. So, as long as what the Commonwealth has put on here with Officer Farley proves beyond a reasonable doubt your instructions, then the law should be satisfied. But that's your decision, not mine.

Video Record ("VR") 10/27/21, 6:00:56-6:02:03.

Payton argues the circuit court misstated the law in its admonition and directed a verdict for the Commonwealth. He further argues the circuit court should not be able to erroneously inform the jury it does not have the power to nullify.

The Commonwealth points out that this exact issue was addressed in *Medley v. Commonwealth*, 704 S.W.2d 190 (Ky. 1985). There, our Supreme Court held:

> For the same reasons that it would be improper to instruct the jury that it may disregard the law and return a verdict of "not guilty" on the PFO charge because it believes that the penalty set by the legislature is too severe, **it is equally improper for counsel to make such an argument. The principle of jury nullification does not extend this far**. Counsel has the right to argue that the jury may disbelieve the evidence and find the defendant not guilty, but no right to argue that it may disregard the law because it believes the minimum penalty set by the

-4-

legislature is too severe.

*Id.* at 191 (emphasis added).

Payton's counsel improperly asked the jury to disregard the law regarding the PFO enhancement. To remedy counsel's error, the trial court correctly instructed the jury the Commonwealth had the burden of proving beyond a reasonable doubt that Payton was a first-degree persistent felony offender based on the testimony of the sole witness during the penalty phase. The circuit court further stated it was the jury's decision to determine whether the law was satisfied. The circuit court did not direct a verdict for the Commonwealth. Though phrased differently than in *Medley*, the circuit court correctly stated the law in admonishing the jury. Additionally, Payton does not show that absent the alleged error, he would have received a shorter sentence. Thus, the circuit court did not palpably err in its admonition to the jury.

Second, Payton argues the Commonwealth engaged in misconduct during its guilt phase closing argument. He argues the Commonwealth (1) mischaracterized defense counsel's closing argument and (2) improperly vouched for the victim's credibility. "Prosecutorial misconduct is '[a] prosecutor's improper or illegal act . . . involving an attempt to . . . persuade the jury to wrongly convict a defendant or assess an unjustified punishment.'" *Noakes v. Commonwealth*, 354 S.W.3d 116, 121 (Ky. 2011) (quoting BLACK'S LAW

DICTIONARY (9th ed. 2009)). "We will reverse for prosecutorial misconduct only if the misconduct was 'flagrant' or if we find all of the following to be true: (1) the proof of guilt is not overwhelming, (2) a contemporaneous objection was made, and (3) the trial court failed to cure the misconduct with a sufficient admonition." *Dickerson v. Commonwealth*, 485 S.W.3d 310, 329 (Ky. 2016) (citation omitted). We determine whether the Commonwealth's improper statements were flagrant using a four-factor test: "(1) whether the remarks tended to mislead the jury or to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused." *Id.* (citation omitted). "When an appellate court reviews claims of prosecutorial misconduct, we must focus on the overall fairness of the trial and may reverse a conviction only if the prosecutorial misconduct was so improper, prejudicial, and egregious as to have undermined the overall fairness of the proceedings." *Rankin v. Commonwealth*, 265 S.W.3d 227, 236 (Ky. App. 2007) (citing *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006)).

First, Payton argues the Commonwealth improperly vouched for the victim's credibility in its guilt phase closing argument. Payton concedes this issue is unpreserved and requests review for palpable error under RCr 10.26. "Where there was no objection, we will reverse only where the misconduct was flagrant

-6-

and was such as to render the trial fundamentally unfair." *Duncan v. Commonwealth*, 322 S.W.3d 81, 87 (Ky. 2010).

During Payton's closing argument, counsel sought to discredit Crawford's testimony. Counsel argued that Crawford initiated the encounter before they arrived at the gas station, and the video from the gas station discredits Crawford's testimony that Payton hit him with a carjack. Counsel argued that the video shows Payton walking over to Crawford's truck twice. First, counsel conceded Payton walked over to Crawford's truck and lobbed a punch but did not cause any injury. Second, counsel conceded that the video shows Payton picking up an item and walking to Crawford's truck. However, counsel argued it's unclear what the item was, and the video does not show Payton swinging the object at Crawford. Counsel also argued that the injuries on Crawford's knees do not match the carjack he alleged Payton was holding and were caused by Crawford's work as a plumber.

The Commonwealth began its closing argument by using the jury instructions to frame its argument and explain the evidence presented. Regarding Crawford's testimony, the Commonwealth argued:

> We have an individual here that was assaulted 10 months ago. He came in, he came into open court, he swore an oath to tell the truth under penalty of perjury and he told a group of people what happened to him ten months ago. And then he was subject to cross examination from the defense and got their best chance to try to cast doubt on

what he had to say.  That is incredibly persuasive if you
think about that.  Most of us don't like talking in front of
a group of strangers, most of us don't like talking in front
of a group of strangers about something that was
unpleasant, something that happened very, very quick.
Something that had a lot of adrenaline and trauma
involved in it.  Something that happened a while ago.

And then to have somebody be able to cross examine you
and to be able to cast doubt on any and everything you
say.  He came in here and testified from the witness box
to tell the truth and that's what he did.

VR 10/27/21, 4:28:10-4:28:58.  The Commonwealth argued the video corroborates

Crawford's uncontroverted testimony.

On appeal, Payton argues the Commonwealth's comments about

Crawford's testimony amount to improper vouching for his credibility.  The

Supreme Court of Kentucky has "long recognized that it is permissible for

prosecutors to comment on the veracity or credibility of witnesses[,]" and "it is

proper for prosecutors to express personal opinions about defendants' guilt that are

based on the evidence in the case." *Dickerson*, 485 S.W.3d at 332 (citations

omitted).  However, if a prosecutor takes such comments too far, they can amount

to flagrant prosecutorial misconduct:

A prosecutor may not personally vouch for the
credibility of a witness.  Improper vouching occurs when
the prosecutor inserts the prosecutor's own personal
belief to shore up the credibility of a witness.  But a
prosecutor may rebut any attack on the credibility of a
witness made in the defense's closing arguments.

-8-

We reverse for unpreserved issues of prosecutorial misconduct in the form of vouching, such as alleged here, but only if they are flagrant.

*Towe v. Commonwealth*, 617 S.W.3d 355, 363 (Ky. 2021) (citations omitted).

Based on our review of Payton's and the Commonwealth's closing arguments, the Commonwealth's comments were not improper. The Commonwealth explained the process of witness testimony. The Commonwealth accurately stated Crawford swore an oath to tell the truth, he explained to the jury what happened to him ten months ago, and his testimony was subject to cross-examination. The Commonwealth argued this process made Crawford's testimony persuasive. The Commonwealth concluded this portion of his argument by saying Crawford told the truth.

In *Towe*, the appellant alleged the following comments made by the Commonwealth during closing argument amounted to misconduct:

> So, let's just look at what we have. We have A.H.'s statements and we have the defendant's statements. What you have heard today. What you have heard in the past. You saw [A.H.]. She came in and sat on a booster seat and testified. You all got to see her. You all got to see if there was any deception in that child. **I will tell you I believe**. Of course I've got prejudice (inaudible). I am the prosecutor. **I believe that little girl did her best**. A six-year old child coming to testify about something that happened when she was four. To talk about people she's never, to talk to people she's never seen before. **And to tell the truth**. And what did she tell you? She said the defendant made her touch his penis.

*Towe v. Commonwealth*, 617 S.W.3d 355, 362 (Ky. 2021). Of the bolded statements, our Supreme Court determined that only the "statement, 'I will tell you I believe,' was improper because it explicitly vouched for [the victim's] truthfulness." *Id.* at 363.

Here, the Commonwealth's statement was not improper. The Commonwealth did not make an "I believe" statement but simply argued Crawford told the truth in response to Payton's argument that the video contradicted Crawford's testimony. Thus, the Commonwealth's comment did not amount to flagrant prosecutorial misconduct.

Second, Payton argues the Commonwealth engaged in misconduct by mischaracterizing the defense counsel's closing argument in stating: "there is a concession here that he assaulted him with something that he went and got out of that guy's truck." VR 10/27/21, 4:33:23-4:33:30. Payton made a timely objection stating he never conceded there was an assault with a device. Counsel approached the bench, and though everyone spoke simultaneously, the circuit court seemed to find the Commonwealth's statement false. However, the issue was dropped without a clear ruling on the objection, and Payton did not request an admonition or other relief. The Commonwealth then proceeded with its closing argument and did not mention the false statement again.

"[A]bsent flagrant misconduct, an error by the prosecutor will warrant relief only if an admonition was requested and either denied or inadequately provided, and then only if the error was not otherwise harmless." *Jacobsen v. Commonwealth*, 376 S.W.3d 600, 610 (Ky. 2012). Because the statement was false, we will determine whether it amounted to flagrant misconduct. First, a false statement is misleading. Second, the comment was isolated. Defense counsel objected to this single false statement, and the Commonwealth moved on from the argument about concessions. After the bench conference, in response to the defense counsel's comments, the Commonwealth argued that the size of the jack and Crawford's minor injuries did not matter. Third, it seems that the false statement was accidentally placed before the jury. Though the defense counsel argues the statement was deliberate, based on our review of the video record, it seems the Commonwealth misunderstood the defense counsel's comments in the closing argument. Fourth, Payton argues that the strength of the evidence was not overwhelming because the victim was the only witness, and the video was unclear. The Commonwealth's response is that there was no proof that Payton did not initiate the conflict. We agree with Payton that the strength of the evidence was not overwhelming. Based on our flagrant misconduct analysis, only two of the four elements were satisfied. Thus, we hold the Commonwealth's false statement did not amount to flagrant misconduct.

For the foregoing reasons, we affirm the judgment of the Calloway Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Jared Travis Bewley                      Daniel Cameron
Frankfort, Kentucky                      Attorney General of Kentucky

                                         Thomas A. Van de Rostyne
                                         Assistant Attorney General
                                         Frankfort, Kentucky